UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON GRIFFITH,<br><br>             Plaintiff,<br><br>   v.<br><br>HARLEY-DAVIDSON FINANCIAL SERVICES, INC.,<br><br>             Defendant. | Case No. 1:24-cv-00017-KES-CDB<br><br>**SCHEDULING ORDER** (Fed. R. Civ. P. 16)<br><br>Discovery Deadlines:<br> - Rule 26 Disclosures: April 30, 2024<br> - Amended Pleadings: June 4, 2024<br> - Expert Disclosures: November 25, 2024<br> - Rebuttal Disclosures: December 6, 2024<br> - Fact Discovery Cut-Off: October 25, 2024<br> - Expert Discovery Cut-Off: December 20, 2024<br> - Mid-Discovery Status Conference: August 23, 2024, at 9:30 a.m., in Bakersfield Federal Courthouse 510 19th Street, Bakersfield, CA 93301<br><br>Non-Dispositive Motion Deadlines:<br> - Filing: December 31, 2024<br> - Hearing: February 4, 2025, at 10:30 a.m., Bakersfield Federal Courthouse<br><br>Dispositive Motion Deadlines:<br> - Filing: February 18, 2025<br> - Hearing: April 14, 2025<br>   1:30 p.m., in Robert E. Coyle Federal Courthouse, Fresno, Courtroom 6, 7th floor<br><br>Pre-Trial Conference: August 11, 2025, at 1:30 p.m., in Fresno Federal Courthouse<br><br>Trial: October 7, 2025, at 9:00 a.m., before District Judge Kirk E. Sherriff |

///

1

Plaintiff Jason Griffith initiated this action with the filing of a complaint in state court on November 22, 2023. (Doc. 1).  Defendant Harley-Davidson Financial Services, Inc. ("Harley-Davidson") removed the action to this Court on January 3, 2024.  *Id*.  Plaintiff alleges that on or around December 20, 2022, his identity was stolen by a family friend.  That person used Plaintiff's identity and forged his signature to finance and purchase a vehicle through a loan issued by Harley-Davidson.  Plaintiff did not discover that his identity had been stolen until around January 20, 2023, when Harley-Davidson contacted him about an allegedly late payment.  Plaintiff allegedly informed Harley-Davidson that he never purchased the vehicle and suspected that he was a victim of identity theft. Plaintiff alleges that despite informing Harley-Davidson that his identity had been stolen, Harley-Davidson continued to send him debt collection notices and reported adverse information in his credit report.  Plaintiff asserts claims for violations of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA") Cal. Civ. Code § 1798.93; the Consumer Credit Reporting Agencies Act ("CCRAA") Cal. Civ. Code § 1785.1, *et seq.*, and the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*[1]

The parties convened via Zoom videoconference for a scheduling conference before Magistrate Judge Christopher D. Baker on April 1, 2024.  Matthew Snyder appeared on behalf of Plaintiff and Alexandra Hider appeared on behalf of Harley-Davidson.

**I.    Magistrate Judge Consent:**

Currently the parties do not jointly consent to Magistrate Judge jurisdiction.

**Notice of Congested Docket and Court Policy of Trailing**

Due to the District Judges' heavy caseload, the adopted policy of the Fresno Division of the Eastern District is to trail all civil cases.  The parties are hereby notified that for a trial date set before a District Judge, the parties will trail indefinitely behind any higher priority criminal or older civil case set on the same date until a courtroom becomes available.  The trial date will not be reset.

---

[1] On February 27, 2024, Plaintiff voluntarily dismissed Defendant Trans Union LLC pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) (Doc. 16).  On April 1, 2024, Plaintiff filed a notice of settlement as to Defendant Equifax Information Services, LLC ("Equifax").  (Doc. 26).  Equifax was not a signatory to the parties' joint scheduling report and did not appear at the scheduling conference in light of the settlement, and counsel for Harley-Davidson did not object to proceeding with the scheduling conference and scheduling the case notwithstanding that Equifax was absent.

The Magistrate Judges' availability is far more realistic and accommodating to parties than that of the District Judges who carry the heaviest caseloads in the nation and who must prioritize criminal and older civil cases over more recently filed civil cases. A Magistrate Judge may conduct trials, including entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305. Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit.

Therefore, the parties are directed to consider consenting to Magistrate Judge jurisdiction to conduct all further proceedings, including trial, and to file a consent/decline form (provided by the Court at the inception of this case) indicating whether they will consent to the jurisdiction of the Magistrate Judge.

## II.   **Pleading Amendment**

Any motions to amend the pleadings, including to substitute "Doe" defendants, must be filed by **June 4, 2024**. Filing a motion and/or stipulation requesting leave to amend the pleadings does not reflect on the propriety of the amendment or imply good cause to modify the existing schedule, if necessary. All proposed amendments must (A) be supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any modification to the existing schedule, *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), and (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or (4) futile, *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   **Discovery Plan and Cut-Off Date**

The parties shall exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) by no later than **April 30, 2024**.

The parties are ordered to complete all discovery pertaining to non-experts on or before **October 25, 2024**, and all discovery pertaining to experts on or before **December 20, 2024**.

The parties are directed to disclose all expert witnesses[2], in writing, on or before **November 25, 2024**, and to disclose all rebuttal experts on or before **December 6, 2024**. The written designation of retained and non-retained experts shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

A mid-discovery status conference is scheduled for **August 23, 2024**, at 9:30 a.m. before Judge Baker. Counsel SHALL file a joint mid-discovery status conference report no later than one week before the conference. Counsel also SHALL lodge the joint status report via e-mail to CDBorders@caed.uscourts.gov. The joint status report SHALL outline the discovery counsel have completed and that which needs to be completed as well as any impediments to completing discovery within the deadlines set forth in this order. Counsel SHALL discuss settlement and certify in the joint status report (1) that they have met/conferred regarding settlement, and (2) proposed dates for convening a settlement conference before a U.S. Magistrate Judge if the parties jointly believe a settlement conference would be fruitful.

**IV.    Pre-Trial Motion Schedule**

All non-dispositive pre-trial motions, including any discovery motions, shall be filed no later

---

[2] In the event an expert will offer opinions related to an independent medical or mental health evaluation, the examination SHALL occur sufficiently in advance of the disclosure deadline so the expert's report fully details the expert's opinions in this regard.

than **December 31, 2024**[3] and heard on or before **February 4, 2025**, at 10:30 a.m. Discovery motions shall be set before Judge Baker. For these hearings and at the direction of the Courtroom Deputy Clerk, the Court may direct counsel to appear remotely (via Zoom). For hearings noticed to occur in-person, the Court may permit counsel to appear remotely (via Zoom) provided the Courtroom Deputy Clerk receives a written notice of the request to appear remotely no later than five court days before the noticed hearing date.

No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline the parties wish to extend. Likewise, no written discovery motions shall be filed without the prior approval Judge Baker. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party promptly shall seek a hearing with all involved parties and Judge Baker. To schedule this hearing, the parties are ordered to contact the Courtroom Deputy Clerk, Susan Hall, at (661) 326-6620 or via email at SHall@caed.uscourts.gov. At least three days before the conference, counsel SHALL file informal letter briefs detailing their positions. The briefs may not exceed 7 pages, excluding exhibits. Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from the Court's calendar.

All dispositive pre-trial motions shall be filed no later than **February 18, 2025**, and heard no later than **April 14, 2025**, before Judge Sherriff at 1:30 p.m. In scheduling such motions, counsel shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260.

**V.**      **Motions for Summary Judgment or Summary Adjudication**

At least 21 days before filing a motion for summary judgment or motion for summary adjudication, the parties are ORDERED to meet, in person or by telephone, to confer about the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a

---

[3] Non-dispositive motions related to non-expert discovery SHALL be filed within a reasonable time of discovery of the dispute, but in no event later than 30 days after the expiration of the non-expert discovery deadline.

question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a motion; and 6) to develop a joint statement of undisputed facts.

The moving party SHALL initiate the meeting and SHALL provide a complete, proposed statement of undisputed facts at least five days before the conference. The finalized joint statement of undisputed facts SHALL include all facts that the parties agree, for purposes of the motion, may be deemed true. In addition to the requirements of Local Rule 260, the moving party shall file the joint statement of undisputed facts.

In the notice of motion, the moving party SHALL certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer. Failure to comply may result in the motion being stricken.

**VI.     Pre-Trial Conference Date**

**August 11, 2025**, at 1:30 p.m. before Judge Sherriff. The parties are ordered to file a Joint Pretrial Statement pursuant to Local Rule 281(a)(2). The parties are further directed to submit a digital copy of their pretrial statement in Word format, to Judge Sherriff's chambers.

Counsels' attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules. In addition to the matters set forth in the Local Rules the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to explain the nature of the case to the jury during voir dire.

**VII.    Trial Date**

**October 7, 2025**, at 9:00 a.m. in Courtroom 6 before the Honorable Kirk E. Sherriff.

A.     This is a jury trial.

B.     Counsels' Estimate of Trial Time:  2-3 days.

C.     Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

6

**VIII. Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Not applicable at this time.

**IX. Related Matters Pending**

There are no pending related matters.

**X. Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**XI. Effect of this Order**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

IT IS SO ORDERED.

Dated:   **April 1, 2024**

UNITED STATES MAGISTRATE JUDGE